UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>                      Plaintiff,<br><br>v.<br><br>RAUL SANCHEZ, et al.,<br><br>                     Defendants. | Case No.: 3:22-cv-01336-RBM-AGS<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**<br><br>**[Doc. 2]** |

On September 6, 2022, Plaintiff Tina Louise Roberts ("Plaintiff") filed a civil rights action (Doc. 1), accompanied by a Motion for Leave to Proceed In Forma Pauperis ("IFP") (the "IFP Motion"). (Doc. 2.)

**I.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to prepay the

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

1

entire filing fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Under 28 U.S.C. § 1915, a litigant who, because of indigency, is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The facts of an affidavit of poverty must be stated "with some particularity, definiteness and certainty." *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).

In support of her IFP Motion, Plaintiff submitted an affidavit indicating that her average monthly income over the past twelve months consists of $1,040.20 from disability payments and $270.00 from public assistance programs. (Doc. 2 at 1–2.) Plaintiff also states she has $17.95 in cash, and $130.00 in a U.S. Bank checking account as well as $300.00 in a U.S. Bank credit account. (*Id.* at 2.) Additionally, Plaintiff states she has no assets. (*Id.* at 3.) Plaintiff's monthly expenses are roughly $1,027.00. (*Id.* at 4–5.) Based on the foregoing, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed IFP pursuant to 28 U.S.C. § 1915(a). Thus, Plaintiff's IFP Motion is **GRANTED**.

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Before service on defendants, all in forma pauperis complaints must be screened to ensure that they are not frivolous or malicious, that they state a claim on which relief may be granted, and that they do not seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The standard for adequately stating a claim is the same as the one that is applied under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that

1  Section 1915A screening "incorporates the familiar standard applied in the context of
2  failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). A complaint
3  "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
4  plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*
5  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the
6  plaintiff pleads factual content that allows the court to draw the reasonable inference that
7  the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Detailed factual
8  allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,
9  supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.
10 "Determining whether a complaint states a plausible claim for relief [is] . . . a context-
11 specific task that requires the reviewing court to draw on its judicial experience and
12 common sense." *Id*.

13   While Plaintiff's complaint seems to focus on allegations of neglect and injury, the
14 nature of the claims alleged is unclear. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at
15 555–56, 570. The Court is unable to determine the specific, factual allegations of
16 Plaintiff's complaint and, as such, is unable to decipher the misconduct alleged.
17 Accordingly, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure
18 to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) &
19 1915A(b)(1); *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112.

20   In light of her pro se status, the Court grants Plaintiff leave to amend her complaint
21 in order to attempt to address the pleading deficiencies. *See Rosati v. Igbinoso*, 791 F.3d
22 1037, 1039 (9th Cir. 2015) ("[a] district court should not dismiss a pro se complaint without
23 leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that
24 the deficiencies of the complaint could not be cured by amendment'") (quoting *Akhtar v.*
25 *Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).
26 / / /
27 / / /
28 / / /

### III.     CONCLUSION

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's IFP Motion (Doc. 2) pursuant to 28 U.S.C. Section 1915(a).

2. **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint which cures all the deficiencies of pleading noted.  Plaintiff's amended complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his amended complaint will be considered waived.  *See* Civ. Local R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("an amended pleading supersedes the original"); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**If Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment**.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("[i]f a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action").

**IT IS SO ORDERED**.

Dated:  October 6, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE