UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>                                  Plaintiff,<br><br>v.<br><br>RAUL SANCHEZ, et al.,<br><br>                                  Defendants. | Case No.:  3:22-cv-01336-RBM-JLB<br><br>**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

## I.  BACKGROUND

On September 6, 2022, Plaintiff Tina Louise Roberts ("Plaintiff") filed a complaint (Doc. 1), accompanied by a Motion for Leave to Proceed In Forma Pauperis ("IFP") (Doc. 2). On October 6, 2022, the Court issued an order granting Plaintiff's Motion to Proceed IFP and dismissing the complaint for failure to state a claim. (Doc. 3.) The Court granted Plaintiff fourth-five (45) days leave from the date of its October 6, 2022 order in which to file an amended complaint which cures all deficiencies noted. (*Id.* at 4.) On October 21, 2022, Plaintiff filed an amended complaint. (Doc. 4.) Plaintiff filed an additional complaint on October 24, 2022, and another on December 2, 2022. (Docs. 5, 6.) In light of Plaintiff's pro se status and the fact that Plaintiff has filed three complaints in succession, the Court will liberally construe the filings as one amended complaint and two supplements (collectively, "First Amended Complaint"). *See Karim-Panahi v. Los Angeles Police*

1

1  *Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (when an action is filed by a pro se litigant, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt"); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## II.   LEGAL STANDARD

Before service on defendants, all in forma pauperis complaints must be screened to ensure that they are not frivolous or malicious, that they state a claim on which relief may be granted, and that they do not seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (noting that section 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Complaints must also comply with Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," FED. R. CIV. P.

8(a)(2), and that each allegation "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1); *see Iqbal*, 556 U.S. at 677–78. In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

### III.   DISCUSSION

In reviewing the First Amended Complaint, the Court has attempted to make sense of the allegations, but finds the pleading to be indecipherable, largely consisting of incoherent phrases or words. (*See* Docs. 4, 5, 6.) The lack of punctuation and complete sentences creates confusion, and the allegations appear frivolous. (*See id.*); *see also Anderson v. Sy*, 486 Fed. Appx. 644 (9th Cir. 2012) ("The district court properly dismissed [the lawsuit] as frivolous because the complaint contains indecipherable facts and unsupported legal assertions"); *see also Adams v. FBI S.F. Field Off. Supervisor & Agents*, No. 19-CV-02977-YGR (PR), 2019 WL 5626261, at *1 (N.D. Cal. Oct. 31, 2019) ("A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law").

Among various other allegations, Plaintiff's First Amended Complaint states: "THE PITURE [sic] THEY SURROUNDED MY UNIT IM ON LOWER FLOOR 3 AT MY 4 AT MY WINDOW SO HE TAKE PICTURE AND BURN AND BURN WHILE IN MY UNIT 155 AT STUDIO MANAGER WAS PRSENT [sic] I DID WHAT HE ASK THEN HE LEFT . . ." and "I WENT TO PIZZA PLACE AND GOT BACK TO MY SHE SAT NEXT DOOR AND WATCH ME EAT THE PIZZA YOU DUMB BITCH WHY DO YOU BUY THERE AND WHEN SECOND BITE SHE GOT GUN AND SHOT MY BAD GIRL STUDIO BITCH . . . ." (Doc. 4 at 1, 3.) Plaintiff makes no reference to specific defendants in connection with any cause of action and fails to state a plausible claim for

relief. (*See* Docs. 4, 5, 6.) Moreover, the First Amended Complaint fails to provide fair notice of the wrongs allegedly committed. *See Cafasso, United States ex rel.*, 637 F.3d at 1059. "The Court notes that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 32–33. Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

Even giving Plaintiff the benefit of the doubt, the Court is unable to determine the specific factual allegations of Plaintiff's complaint and, as such, is unable to decipher the misconduct alleged. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–56, 570. The Court concludes that Plaintiff's allegations are factually frivolous and do not state a plausible claim. Because the Complaint is frivolous, the Court does not grant Plaintiff leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend"). Accordingly, Plaintiff's complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

### III.  CONCLUSION

Based on the foregoing, the Court **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

Dated:  March 23, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE