UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>          Plaintiff,<br><br>v.<br><br><br>RAUL SANCHEZ, et al.,<br><br>          Defendants. | Case No.: 3:22-cv-01336-RBM-AGS<br><br>**ORDER DETERMINING THAT IN FORMA PAUPERIS STATUS SHOULD NOT CONTINUE ON APPEAL**<br><br>**[Doc. 15]** |

On September 6, 2022, Plaintiff Tina Louise Roberts ("Plaintiff"), proceeding pro se, filed a civil rights action (Doc. 1) accompanied by a Motion for Leave to Proceed In Forma Pauperis ("IFP") (Doc. 2). The Court granted the Motion for Leave to Proceed IFP and dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (Doc. 3.) Plaintiff subsequently filed a First Amended Complaint (*See* Doc. 4), and on March 23, 2023, the Court issued an order dismissing the action with prejudice for failure to state a claim (Doc. 8). Plaintiff then filed a Notice of Appeal to the Ninth Circuit Court of Appeals. (*See* Doc. 11.) The Ninth Circuit issued a Referral Notice (Doc. 15), referring the matter to this Court for the limited purpose of determining whether IFP status should continue for the appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3).

"A litigant who was previously permitted to proceed IFP may maintain such status

Case 3:22-cv-01336-RBM-JLB   Document 17   Filed 04/14/23   PageID.139   Page 2 of 3

on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed IFP." *Edrosa v. Chau*, No. 19CV88-CAB-DEB, 2020 WL 7029916, at *1 (S.D. Cal. Oct. 6, 2020); *see* FED. R. APP. P. 24(a)(3)(A). Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (stating that an indigent appellant is permitted to proceed IFP on appeal only if the appeal would not be frivolous).

Having reviewed the matter, the Court **DETERMINES** that the appeal is not taken in good faith, and IFP status should not continue on appeal. The Court maintains that Plaintiff's First Amended Complaint fails to state a claim for the reasons outlined in the Court's March 23, 2023 order. (*See* Doc. 8.) The Court was unable to determine the specific factual allegations of Plaintiff's complaint and, as such, was unable to decipher the misconduct alleged. (*Id.* at 4); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007). Moreover, the Court concluded Plaintiff's allegations were factually frivolous and failed to state a plausible claim. (Doc. 8 at 4); *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous). Therefore, the Court finds that, pursuant to 28 U.S.C. § 1915(a)(3), the appeal would not be taken in good faith, and in forma pauperis status should not continue on appeal.

The Court **DIRECTS** the Clerk to notify Plaintiff and the Ninth Circuit Court of Appeals of this order pursuant to Federal Rule of Appellate Procedure 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on appeal in the Ninth Circuit Court of Appeals within thirty (30) days after service of the notice of this Order as prescribed in the Federal Rules of Appellate Procedure. *See* FED. R. APP. P. 24(a)(5).

/ / /

/ / /

2

3:22-cv-01336-RBM-AGS

1 **IT IS SO ORDERED**.

2 Dated: April 14, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE